Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE and KYAW AUNG, <br><br> Defendants | Case No. 12-cv-3428-RGK-FMO <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** <br><br> Hearing Date: August 20, 2012 <br> Hearing Time: 9:00 AM <br> Courtroom: 850 |

# TABLE OF CONTENTS

TABLE OF AUTORITIES ................................................................. ii

I.   FACTUAL BACKGROUND ........................................................ 1

II.  STANDARD OF REVIEW ......................................................... 2

   A.   The 'Heightened Pleading Standard' of *Twombly* and *Iqbal* Apply to
        Affirmative Defenses ................................................... 3

   B.   The Policies of *Twombly, Iqbal* and Rule 12 Support the Plaintiff ........... 5

III. ARGUMENT ........................................................................ 7

   A.   Aung's Affirmative Defenses Fail to Satisfy Rule 8's
        Pleading Requirements ................................................. 8

      1.   Aung's First Affirmative Defense – Failure to State a Claim ........ 11

      2.   Aung's Second Affirmative Defense – Remedy at Law
           is Adequate ....................................................... 12

      3.   Aung's Third Affirmative Defense – Statute of Limitations .......... 12

      4.   Aung's Fourth Affirmative Defense – Waived Right to Sue ........... 13

      5.   Aung's Fifth Affirmative Defense – Contributed to Damages ....... 14

      6.   Aung's Sixth Affirmative Defense – The Work is Illegal ............. 15

   B.   Even Under Pre-*Iqbal* Standards, Aung's Defenses are Insufficient ...... 15

   C.   The Plaintiff Attempted to Resolve these Issues Without a Motion ....... 16

IV.  CONCLUSION ..................................................................... 17

# TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009)................................................................passim

*Barnes v. AT&T Pension Benefit Plan*
    718 F. Supp. 2d 1167 (N.D. Cal. 2010)........................................passim

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)....................................................................passim

*Boldstar Tech., LLC v. Home Depot, Inc*
    517 F. Supp. 2d 1283 (S.D. Fla. 2007). ...............................................11

*Bottoni v. Sallie Mae, Inc.*
    2011 U.S. Dist. LEXIS 93634 (N.D. Cal. Aug. 22, 2011) .....................5

*Conley v. Gibson*
    355 U.S. 41 (1957)..................................................................................7

*Davis v. Sun Oil Co.*
    148 F.3d 606 (6th Cir. 1998). ..............................................................15

*Fantasy, Inc. v. Fogerty*
    984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).......2

*Federal Deposit Ins. Corp. v. Main Hurdman*
    655 F. Supp. 259 (E.D. Cal. 1987) .........................................................6

*Gomez v. Toledo*
    446 U.S. 635 (1980)................................................................................6

*Greenheck Fan Corp. v. Loren Cook Co.*
    2008 WL 4443805 (W.D. Wis. 2008) ....................................................9

*Hanzlik v. Birach*
    2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009) .......................6

*Hayne v. Green Ford Sales, Inc.*
    263 F.R.D. 647 (D. Kan. 2009) .............................................................4

*Heller Financial, Inc. v. Midwhey Powder Co.*
    883 F.2d 1286 (7th Cir. 1989) ...........................................................2-3

*Holtzman v. B/E Aerospace, Inc.*
2008 WL 2225668 (S.D. Fla. 2008) ............................................................ 9

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*
2007 WL 2412834 (S.D. Fla. Aug. 21, 2007) ............................................ 6, 9, 10

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*
677 F.2d 1045 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983) .............. 6, 7-8

*Lucas v. Jerusalem Café, LLC*
2011 WL 1364075 (W.D. Mo. 2011) ......................................................... 3

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*
123 F. Supp. 2d 945 (W.D.N.C. 2000) ...................................................... 6

*Microthin.com v. Siliconezone USA*
2006 U.S. Dist. LEXIS 82976 (N.D. Ill. 2006) ...................................... 11

*Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*
752 F. Supp. 2d 721 (W.D. Va. 2010) ..................................................... 16

*Poly-America, Inc. v. GSE Lining Tech., Inc.*
1998 U.S. Dist. LEXIS 9996 (N.D. Tex. June 29, 1998) ......................... 10-11

*Qarbon.com Inc. v. eHelp Corp.*
315 F. Supp. 2d 1046 (N.D. Cal. 2004) .................................................. 2, 14

*Racick v. Dominion Law Assocs.*
270 F.R.D. 228 (E.D.N.C. 2010) .................................................. 7, 12, 13

*Schecter v. Comptroller of City of N.Y.*
79 F.3d 265 (2d Cir. 1996) ................................................................ 6

*Scott v. Fed. Bond & Collection Serv.*
2011 U.S. Dist. LEXIS 5278 (N.D. Cal. Jan. 19, 2011) ......................... passim

*Solis v. Couturier*
2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009) .......................... 7

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*
242 F. Supp. 2d 196 (W.D.N.Y. 2002) ................................................... 7

*State Farm Mut. Auto. Ins. Co. v. Riley*
199 F.R.D. 276 (N.D. Ill. 2001) ........................................................... 10

*Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*
2008 WL 4391396 (W.D. Tex. 2008)................................................................9

*T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC*
2008 WL 2600016 (N.D. Tex. 2008) ........................................................8, 9, 10

*Topline Solutions, Inc. v. Sandler Sys., Inc.*
2010 U.S. Dist. LEXIS 76174, 2010 WL 2998836 (D. Md. July 27, 2010) .........7

*Tracy v. NVR, Inc.*
2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ................................5

*United States v. Benavides*
2008 WL 362682 (S.D. Tex. 2008) .............................................................8

*United States v. Cushman & Wakefield, Inc.*
275 F.Supp.2d 763 (N.D. Tex. 2002) ..........................................................8

*United States v. Quadrini*
2007 WL 4303213 (E.D. Mich. 2007).....................................................9-10

*Vamsidhar Reddy Vurimindi v. Fuqua Sch. of Bus.*
2011 U.S. Dist. LEXIS 96496 (E.D. Pa. Aug. 25, 2011) ....................................4

*Waste Mgmt. Holdings, Inc. v. Gilmore*
252 F.3d 316 (4th Cir. 2001) .............................................................6, 15

*Woodfield v. Bowman*
193 F.3d 354 (5th Cir. 1999) ..................................................................9

*Wyshak v. City Nat'l Bank*
607 F.2d 824 (9th Cir. 1979) .................................................................2, 7

**STATUTES**

Fed. R. Civ. P. 8 ..........................................................................1, 3

Fed. R. Civ. P. 12 ....................................................................passim

**OTHER AUTHORITIES**

5A Charles Alan Wright & Arthur R. Miller,
FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990) .........6, 7

In response to Plaintiff's Complaint, Defendant Aung filed an Answer (ECF 14), containing various "Affirmative Defenses" identified on pages 3-4.  Pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure, Plaintiff Liberty Media Holdings moves to strike Defendant Aung's affirmative defenses on the grounds that Defendant attempts to allege "defenses" that are not actually defenses; Defendant has raised immaterial defenses; and, the remaining defenses are not pled with sufficient particularity to provide Plaintiff with fair notice.  Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level.

## I.      FACTUAL BACKGROUND

Plaintiff filed its complaint for copyright infringement against Defendant Kyaw Aung ("Defendant" or "Aung"), on April 19, 2012.  ECF 1.  Aung answered on July 9, 2012, (ECF 14). The Answer's last six paragraphs set forth several conclucsory statements – with no factual support whatsoever – purporting to raise various alleged affirmative defenses.  These paragraphs read:

**FIRST AFFIRMATIVE DEFENSE**
23. Plaintiff's Complaint fails to state a cause of action against this Defendant.
**SECOND AFFIRMATIVE DEFENSE**
24. Plaintiff is not entitled to injunctive or declaratory relief since the remedies at law are adequate.
**THIRD AFFIRMATIVE DEFENSE**
25. Plaintiff's claims are barred by the statute of limitations. Too much time elapsed between the alleged infringing activity and the filing of the herein Complaint.
**FOURTH AFFIRMATIVE DEFNSE**
26. Plaintiff has waived its right to sue by distributing said motion picture via torrent itself.

### FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff has contributed to its own damages by distributing said motion picture via torrent itself.

### SIXTH AFFIRMATIVE DEFENSE

28. Plaintiff's motion picture is illegal, hence unprotected by copyright.

ECF 14, pgs. 3-4.

Because Aung's affirmative defenses are insufficient under Rule 8, the Court should dismiss or strike those portions of Aung's answer pursuant to Rule 12(f).

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. Pro. 12(f), a Court should strike an affirmative defense if it does not provide the plaintiff with "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.  See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).   Following the Supreme Court's decision in *Ashcroft v. Iqbal*, affirmative defenses not pled with sufficient particularity are inadequate to survive the newly announced requirement for pleadings under the federal rules.  129 S. Ct. 1937 (2009).

Affirmative defenses are governed by the same pleading standard as complaints and therefore must give Plaintiff fair notice of the defense being advanced.  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004).  "Affirmative Defenses are pleadings and, therefore, are subject to all pleadings requirements of the Federal Rules of Civil Procedure." *Heller Financial,*

2

1  *Inc. v. Midwhey Powder Co.,* 883 F.2d 1286 (7th Cir. 1989); *Lucas v. Jerusalem*

2  *Café, LLC*, 2011 WL 1364075 (W.D. Mo. 2011) ("It makes little sense to hold

3

4  defendants to a lower pleading standard than plaintiffs.").

5  **A.    The 'Heightened Pleading Standard' of *Twombly* and *Iqbal* Apply to**

6  **Affirmative Defenses**

7          Recently, the Supreme Court updated the standard required for pleading

8  under Rule 8. First, in *Bell Atlantic Corp. v. Twombly,* the Court held that although

9

10 Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain

11 "more than labels and conclusions" or "formulaic recitation of the elements of a

12 cause of action."  550 U.S. 544, 555 (2007).  The *Twombly* Court held that a

13

14 complaint must contain sufficient factual matter, accepted as true, to "state a claim

15 to relief that is plausible on its face."  *Id.* at 570.  In *Ashcroft v. Iqbal,* the Supreme

16

17 Court took this so-called "plausibility standard" one step further and held that a

18 court must "draw the reasonable inference that the defendant is liable[.] Where a

19 complaint pleads facts that are 'merely consistent with' a defendant's liability, it

20 'stops short of the line'" of the plausibility required to state a claim.  129 S. Ct. at

21

22 1949, quoting *Twombly,* 550 U.S. at 557.

23         After the Supreme Court altered the landscape for 12(b)(6) requirements in

24 *Twombly* and *Iqbal,* the majority of courts to address the issue have concluded that

25

26 the heightened pleading standards for claims of relief crafted in *Twombly* and *Iqbal*

27 apply just as strictly to affirmative defenses.  See, e.g*., Barnes v. AT&T Pension*

28 *Benefit Plan,* 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (Patel, J) ("While neither the

3
Motion to Strike Affirmative Defenses

Ninth Circuit nor any other Circuit Courts of Appeals has ruled on the issue of whether Twombly and Iqbal apply to the pleading of affirmative defenses, the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses.").   See also, *Vamsidhar Reddy Vurimindi v. Fuqua Sch. of Bus.,* 2011 U.S. Dist. LEXIS 96496 at *6 (E.D. Pa. Aug. 25, 2011) ("A majority of district courts have held that *Twombly* and *Iqbal* standards apply to affirmative defenses."); *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. 2009) (collecting cases).

Under the *Twombly/Iqbal* standard, a defendant must plead facts sufficient to alert the plaintiff of the defense.  *Twombly,* 550 U.S. at 555 (a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action").  A claim is plausible on its face if it "raises a right to relief above the speculative level."   *Id.* at 570.  A party raises its claim above the speculative level by pleading "factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.  As district courts in this circuit have found, the same standard should be applicable to affirmative defenses.  *Barnes,* 718 F. Supp. 2d at 1172 ("The court finds the reasoning of the courts that have applied the heightened pleading standard persuasive").   When no facts are asserted in support of an affirmative defense, neither the *Twombly* nor *Iqbal* standard has been met.

To survive a Rule 12(f) motion then, an affirmative defense cannot simply be conclusory and devoid of facts; rather, it must set forth a factual basis and cannot merely suggest that the defense may possibly bear upon the case. *Barnes*, 718 F. Supp. 2d at 1172; *see also, Tracy v. NVR, Inc.,* 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f)."). Here, all of Defendants' affirmative defenses fall well below this bar.

## B.   The Policies of *Twombly, Iqbal* and Rule 12 Support the Plaintiff

As one court stated, "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Hayne,* 263 F.R.D. at 650.

District courts consistently apply the *Twombly/Iqbal* pleading standard to the pleading of affirmative defenses, "requiring a defendant to allege enough facts to state a claim to relief that is plausible on its face." *Bottoni v. Sallie Mae, Inc.,* 2011 U.S. Dist. LEXIS 93634, *3 (N.D. Cal. Aug. 22, 2011) (citing *Barnes,* 718 F. Supp. 2d at 1172). "In other words, the simple listing of 'a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist' is not sufficient." *Id.* at *4 (quoting *Barnes,* 718 F. Supp. 2d at 1172).

Rule 12(f) mandates striking defenses when a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990)).  It is appropriate to strike pleadings if they are "not properly supported by the facts alleged in the pleading." *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.,* 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *Schecter v. Comptroller of City of N.Y.,* 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").  Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law." *Hanzlik v. Birach,* 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009), *citing Microsoft Corp,* 123 F. Supp. 2d at 949; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983).

"Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman,* 655 F. Supp. 259, 262 (E.D. Cal. 1987), *citing Gomez v. Toledo,* 446 U.S. 635, 640-641 (1980).

See also, *Scott v. Fed. Bond & Collection Serv.,* 2011 U.S. Dist. LEXIS 5278, at *25 (N.D. Cal. Jan. 19, 2011).   In contrast, denials of the allegations in the complaint, or allegations that the plaintiff cannot prove the elements of his claims, are not affirmative defenses.   *Solis v. Couturier,* 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009).

The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.   *Wyshak,* 607 F.2d at 827 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957) *and* 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2004)).   "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense."   *Racick v. Dominion Law Assocs.,* 270 F.R.D. 228, 234 (E.D.N.C. 2010), quoting *Topline Solutions, Inc. v. Sandler Sys., Inc.,* 2010 U.S. Dist. LEXIS 76174, 2010 WL 2998836 at *1 (D. Md. July 27, 2010).   With that requirement in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss.   *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.,* 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").

Motion to Strike Affirmative Defenses

### III.   ARGUMENT

Motions to strike defenses under Fed. R. Civ. Pro. 12(f) are proper "when the defense is insufficient as a matter of law." See *Kaiser Aluminum*, 677 F.2d at 1057; *United States v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 768 (N.D. Tex. 2002) (citations omitted). When defenses will merely protract and complicate the litigation and, thereby prejudice the plaintiff, the court should strike them. See *United States v. Benavides*, 2008 WL 362682, *4-5 (S.D. Tex. 2008). "An affirmative defense is subject to the same pleading requirements as is the complaint. . . . It must be pled with enough specificity to give the plaintiff "fair notice" of the defense being advanced. The recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, clarified the pleading specificity standard, explaining that 'a formulaic recitation of the elements of a cause of action will not do' and that '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D. Tex. 2008) (internal citation omitted). Defendant Aung failsto allege sufficient facts to provide Liberty Media Holdings with fair notice of the affirmative defenses in question.  Accordingly, Liberty requests that this Court strike all of Aung's affirmative defenses.

\\

## A.    Aung's Affirmative Defenses Fail to Satisfy Rule 8's Pleading Requirements.

A defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  A defendant's recitation of an affirmative defense "requires more than labels and conclusions, and a formulaic recitation of the elements of [an affirmative defense] will not do." *Twombly*, 550 U.S. at 555; see also *Home Mgmt. Solutions*, 2007 WL 2412834 at *3 ("'Without some factual allegation in the [affirmative defense], it is hard to see how a [defendant] could satisfy the requirement of providing not only 'fair notice' of the nature of the [defense], but also 'grounds' on which the [defense] rests,'" quoting *Twombly*, 550 U.S. at 555 n.3).  "Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Twombly*, 550 U.S. at 555; see also *Stoffels v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008) (citing *Twombly's* clarification of pleading standard in considering motion to strike affirmative defenses).

"[N]aked assertion[s] devoid of further factual enhancement" will no longer suffice.  *Iqbal*, 129 S.Ct. at 1950 (2009) (internal citation to *Twombly* and quotation omitted).  An allegation that constitutes a bare bones legal conclusion is now clearly insufficient.  See *Greenheck Fan Corp. v. Loren Cook Co.*, 2008 WL

4443805 (W.D. Wis. 2008); *Stoffels*, 2008 WL 4391396 at *1; *T-Mobile USA*, 2008 WL 2600016 at *3; *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 2225668, *2 (S.D. Fla. 2008); *United States v. Quadrini*, 2007 WL 4303213, *4 (E.D. Mich. 2007) ("Thus, a wholly conclusory affirmative defense is not sufficient."). Each of Aung's affirmative defenses falls short of satisfying Rule 8's "fair notice" pleading requirements. Indeed, as pled, Defendant's affirmative defenses provide absolutely no indication of what the factual basis of those affirmative defenses might be, and therefore, force Liberty to guess and wonder. Defendant Aung's recitation of affirmative defenses does precisely that.

Aung's bare-bones boilerplate pleading of affirmative defenses is inadequate. See, e.g., *T-Mobile USA,* 2008 WL 2600016 at *3 ("The defendants' bald assertion that the '[p]laintiff's claims are barred by the doctrine of unclean hands' does not provide T-Mobile with 'fair notice' of the defenses being advanced."); *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *4 (striking estoppel defense after determining that "scant pleading" of the defense "fail[ed] to provide Plaintiff fair notice" because, for example, "as pled there [wa]s no way for Plaintiff to identify what specifically [defendant] claims to have relied upon to give rise to an estoppel"); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("It is unacceptable for a party's attorney simply to mouth ADs [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the

predicate for the claimed defense--which is after all the goal of notice pleading.");

*Poly-America, Inc. v. GSE Lining Tech., Inc.*, No. 3:96-cv-2690-P, 1998 U.S. Dist. LEXIS 9996 at *22 (N.D. Tex. June 29, 1998) (equitable defenses, laches and estoppel must be pled with particularity); *Microthin.com v. Siliconezone USA*, 2006 U.S. Dist. LEXIS 82976 at *29-30 ("Courts have held time and time again that stringing together a long list of legal defenses is not sufficient to satisfy Rule 8(a)'s short and plain statement requirement") (internal citation omitted, emphasis added).

The record in this case is devoid of factual support for the asserted defenses and Aung has made no attempt to introduce or even so much as to allege any supporting facts.  No facts are contained in Aung's pleadings other than admissions or denials of the facts alleged in Liberty's Complaint and no notice is given as to how or why any of Aung's alleged affirmative defenses apply.   As Aung's affirmative defenses fail to provide "fair notice" to Liberty; they should be dismissed or stricken.

### 1.    Aung's First Affirmative Defense – Failure to State a Claim

Aung's first affirmative defense states that Plaintiff "fails to state a cause of action" against Defendant Aung.  "Failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in [Plaintiff's] *prima facie* case."  *Barnes*, 718 F. Supp. 2d. at 1174.  See also *Scott,* 2011 U.S. Dist. LEXIS 5278 at *23-24.

> Failure to state a claim is a defect in plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the

plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense.

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense," it is improperly raised in Defendant Aung's Answer.  *Barnes*, 718 F. Supp. 2d. at 1174.  Defendant Aung should be required to file a Rule 12(b)(6) Motion to Dismiss within seven days, or this affirmative defense should be stricken.

### 2.   Aung's Second Affirmative Defense – Remedy At Law is Adequate

Aung's second affirmative defense claims that Plaintiff is not entitled to "injunctive or declaratory relief since the remedies at law are adequate."  ECF 14.

This affirmative defense is clearly inapplicable.  The Plaintiff has sought damages for the Defendants' prior acts and seeks injunctive relief stopping the Defendant from committing these acts in the future.  No remedy at law can achieve the second goal.

As this affirmative defense relies solely on a legal question, that can be resolved at this early stage, Defendant Aung should be required to submit briefing on this issue within seven days, or this affirmative defense should be stricken.

### 3.   Aung's Third Affirmative Defense – Statute of Limitations

Aung's third affirmative defense claims that Plaintiff's claims "are barred by the statue of limitations."  ECF 14.

Defendant Aung's statue of limitations defense is insufficient as a matter of law for failure to plead sufficient facts. *Racick*, 270 F.R.D. at 235 ("courts have stricken similarly-worded affirmative defenses for failure to reference the specific statute and relevant time periods"). The statute of limitations for violations of the Copyright Act is three years. The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Mr. Aung's participation in the unlawful downloading and unlawful redistribution of Liberty's works occurred on November 16, 2010. ECF 1 ¶ 13. Therefore, Defendant Aung cannot prevail on a statue of limitations defense. See *Scott*, 2011 U.S. Dist. LEVIS 5278 at *21-22.

As this affirmative defense relies solely on a legal question, that can be resolved at this early stage, Defendant Aung should be required to submit briefing on this issue within seven days, or this affirmative defense should be stricken. Further, since it is so clearly inapplicable, the Court should grant the Plaintiff its fees, minor as they are, incurred in removing this unsupportable defense from the litigation.

## 4.    Aung's Fourth Affirmative Defense – Waived Right to Sue

Aung's fourth affirmative defense contends that Liberty has "waived its right to sue by distributing said motion picture via torrent itself."

Motion to Strike Affirmative Defenses

Aung offers the Court and Plaintiff no factual basis for the truth of these claims, nor any factual basis for the determination of the affirmative defense of "waiver."   As such, the defense fails as a matter of law pursuant to *Iqbal* and *Tombly*.   *Racick,* 270 F.R.D. at 237 (striking "doctrine of laches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion."); *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking bare legal defense).   "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com*, 315 F. Supp. 2d 1046.  Plaintiff is entirely unable to prepare responses to such a vague affirmative defense and it should be stricken from the Defendant's answer.  Defendant Aung should be required to provide more definite statements and allegations as required under *Iqbal*.  These statements should be submitted to the Court within seven days, or this affirmative defense should be stricken.

### 5.    Aung's Fifth Affirmative Defense – Contributed to Damages

Defendant Aung asserts that the Plaintiff "contributed to is own damages by distributing said motion picture via torrent itself."  As discussed in III(A)(4), *supra*, the Defendant fails to present any factual basis for the truth of these claims and is not entitled to the defense as a matter of law.  Again, this affirmative defense is stated as such a vague claim that it would be impossible for the Plaintiff to prepare responses to this defense.  See *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23. Defendant Aung should be required to provide more definite statements and

allegations as required under *Iqbal*.  These statements should be submitted to the Court within seven days, or this affirmative defense should be stricken.

### 6.    Aung's Sixth Affirmative Defense – The Work is Illegal

The final affirmative defense asserted by Aung is that the work is "illegal, hence unprotected by copyright."  Again, Aung offers no factual basis for this claim, and no affirmative defense that Plaintiff would be capable of preparing a response to.  Aung does not provide the Plaintiff with the basis for why he has deemed Plaintiff's work "illegal," nor does he provide any information to support this claim. Plaintiff is entirely unable to respond to this claim in its current form and it should be stricken.  See *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23.

As this affirmative defense seems to rely solely on a legal question, that can be resolved at this early stage, Defendant Aung should be required to submit briefing supporting this defense within seven days, or this affirmative defense should be stricken.

### B.    Even Under Pre-*Iqbal* Standards, Aung's Defenses are Insufficient

Even if the Court does not believe the *Tombly/Iqbal* standard as the appropriate means to measure Defendant Aung's affirmative defenses, pre-*Iqbal* standards required that defenses had to be "stated in an intelligible manner" in order to give the opposing party "adequate notice" of the nature of the defense.  *Davis v. Sun Oil Co.*, 148 F.3d 606, 614 (6th Cir. 1998).  Dismissal of an affirmative defense under Rule 12(f) is appropriate where the defendant has not articulated its defenses

so that they are contextually comprehensible.  *Waste Mont. Holdings*, 252 F. 3d at 347 (affirming the district court's decision to strike a defense under Rule 12(f) where the defendant provided no factual basis for it).  Defendant Aung has failed to provide any factual basis or any factual allegations in any of his affirmative defenses.  As such, these defenses should be stricken from the answer under Rule 21(f).

Furthermore, "the court should not construe and administer the Rules in a manner that forces the plaintiff to incur undue expense to discover the secrets of a contextually incomprehensible affirmative defense."  *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC,* 752 F. Supp. 2d 721, 726-727 (W.D. Va. 2010).

**C.      The Plaintiff Attempted to Resolve These Issues Without a Motion.**

On July 9, 2012, the undersigned sent, via fax and email, a letter to the Defendant's counsel to request that they meet and confer regarding the affirmative defenses contained in the Answer.  **Exhibit A.**  Defendant's counsel responded with a fax reading, in its entirety:

> Thank you for drawing our attention to the affirmative defenses.  We see no need to change anything.  Amending them or striking them is almost always a pointless exercise.  Given your firm's reputation for going on and on at length about trivial points and wasting client money, we consider this matter closed.  Thanks again.

Attached as **Exhibit B.**

Despite the tone of this response, Plaintiff again tried to convince the Defendant's counsel to meet and confer on July 10, 2012. **Exhibit C.** Despite Plaintiff's efforts to resolve this issues without motion practice, the Defendant's counsel declines to participate in any meaningful efforts to meet and confer on these issues, thus necessitating this motion.

## IV.   CONCLUSION

The *Tombly/Iqbal* standard requires a plaintiff to plead something more than mere "labels and conclusion." A defendant should be held to the same standard and should not be able to assert a laundry list of defenses hoping to find at a later date some fact that supports the defense. In this instance, Defendant Aung has not set for sufficient facts in support of any of his affirmative defenses. These defenses are simply cursory, boilerplate legal conclusions lacking any allegation of fact. It is impossible to determine if any of the six affirmative defenses pled by Aung are plausible on their face. These affirmative defenses fail to provide sufficient basis for the legal conclusions proposed.

Plaintiff requests that the Court strike each of the affirmative defenses unless and until the Defendant re-pleads them properly.

\\
\\
\\
\\

Motion to Strike Affirmative Defenses

1  Date: July 20, 2012                    *s/Marc J. Randazza*

2                                          Marc J. Randazza, Esq. CA Bar No. 269535

3                                          Randazza Legal Group

3                                          6525 Warm Springs Rd., Suite 100

4                                          Las Vegas, NV 89118

4                                          888-667-1113

5                                          305-437-7662 (fax)

6                                          mjr@randazza.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28