Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE and KYAW AUNG,<br><br>Defendants | Case No. 12-cv-3428-RGK-FMO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS PURSUANT TO RULE 4(D)(2)**<br><br>Hearing Date: August 20, 2012<br>Hearing Time: 9:00 AM<br>Courtroom: 850 |

Plaintiff Liberty Media Holdings, LLC ("Liberty"), by and through its undersigned attorney, files this Motion for Fees and Costs Pursuant to Federal Rule of Civil Procedure 4(d)(2).[1]  Defendant failed to waive formal service of process after receiving a proper request, which was sent by Plaintiff in accordance with

---

[1] This motion is made following the Plaintiff's attempt to engage Defendant's counsel in a conference pursuant to L.R. 7-3 on July 9, 2012.

1

Rule 4(d)(1). Accordingly, and for the reasons stated more particularly in the Memorandum of Law provided herewith, Plaintiff respectfully moves this honorable Court for an Order requiring Defendant to pay Plaintiff's expenses and fees incurred in both effecting formal service, and in making the instant motion. Fed. R. Civ. P. 4(d)(2).

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' MOTION
## FOR FEES AND COSTS PURSUANT TO RULE 4(d)(2)

### 1. Background

Plaintiff filed its complaint for copyright infringement against Defendant Kyaw Aung ("Defendant" or "Aung"), on April 19, 2012. ECF 1. On April 25, 2012, in full compliance with Rule 4(d)(1), Plaintiff sent Defendant the following items by UPS: (i) a printed copy of the Complaint in this action and its associated exhibits; (ii) two copies of a service waiver form; and (iii) a prepaid and self-addressed return envelope. *See* Declaration of Erika Dillon in Support of Plaintiffs' Motion for Fees and Costs Pursuant to Rule 4(d)(2), hereinafter cited as "Dillon Decl." ¶ 6-7.

After giving more than the thirty days required by Federal Rule of Civil Procedure 4(d)(1)(F), and having not receiving an executed service waiver from Defendant, (*see* Dillon Decl. ¶ 8-9), Plaintiff engaged the services of a process server on June 8, 2012, to effect formal service of the Complaint and Summons on Defendant, (*see* Dillon Decl. ¶ 10). Formal service was accomplished by Counter-Intelligence Services at the Defendant's home address, on June 16, 2012. ECF 9.

On June 29, 2012, Plaintiff mailed to Defendant, at the address where the process server effected service, a letter requesting that Defendant pay to Plaintiff the costs associated with the service of process. (Dillon Decl. ¶ 13.) Plaintiff received no response from Aung. (*Id.*)

On July 9, 2012, William B. Skinner made an appearance for the Defendanta Kyaw Aung and filed an Answer on Defendant Aung's behalf. ECFs 13-14. That same day, Plaintiff contacted Mr. Skinner with an invoice for the fees expended in serving Mr. Aung, essentially repeating the request made on June 29, 2012. (Dillon Decl. ¶ 14.) Plaintiff has received no response from the Defendant or his attorney, despite attempting to confer on this matter. (*Id.*)

Plaintiff, now reluctantly seeks the assistance of this honorable Court, for an Order directing Defendant to pay Plaintiffs' fees and expenses pursuant to Rule (4)(d)(2).

**2.    Legal Standard**

Federal Rule of Civil Procedure 4(d)(1) states with acute clarity a defendant's responsibility with respect to waiver of service:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) **_has a duty to avoid unnecessary expenses of serving the summons_**. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

Fed. R. Civ. P. 4(d)(1) (emphasis added). In order to invoke this duty, a plaintiff has merely to follow each of the directives given by Rule 4(d)(1)(A) through (G).

In particular, the notice and request for waiver must: (i) be in writing and be addressed to the appropriate party, Fed. R. Civ. P. 4(d)(1)(A); (ii) name the court where the complaint was filed, Fed. R. Civ. P. 4(d)(1)(B); (iii) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form, Fed. R. Civ. P. 4(d)(1)(C); (iv) inform the defendant of the consequences of waiving and not waiving service, Fed. R. Civ. P. 4(d)(1)(D); (v) state the date when the request was sent, Fed. R. Civ. P. 4(d)(1)(E); (vi) give – in the case of a defendant residing in the United States – a period of not less than thirty days to return an executed waiver, Fed. R. Civ. P. 4(d)(1)(F); and (vii) be sent by first-class mail or other reliable means, Fed. R. Civ. P. 4(d)(1)(G).

If all of the requirements of Rule 4(d)(1) are met, and a defendant fails to thereafter return an executed service waiver – instead necessitating the unnecessary expense of formal, in-person service of the complaint and summons – the affected plaintiff is entitled to recover its reasonable fees and expenses, both in achieving service and in seeking payment therefor. Fed. R. Civ. P. 2(d)(2). Taken in combination, Rule 4(d)(1) and 4(d)(2) provide that a defendant who receives a request to waive service has a reasonable time of at least thirty days after the request was sent to sign and return the waiver. If the defendant fails to do so without good cause, the expenses incurred in making service shall be awarded to the plaintiff. *Neal v. Cochran, Cherry, Givens & Smith, P.C.*, 589 F. Supp. 2d 1363, 1364 (N.D. Ga. 2008) (citing Fed. R. Civ. P. 4 Advisory Committee Notes,

1993 Amendments); *see also Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005)("[T]he purpose of Rule 4(d) is 'to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel.' Fed. R. Civ. P. 4(d) Advisory Committee note on 1993 amendments. To underscore this policy, Rule 4(d)(2) imposes a *duty* to avoid unnecessary costs of service." (emphasis in original)); *and Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("[A] defendant . . . that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege.").

      The Advisory Committee Notes for the 1993 amendment to Rule 4 state that, while a defendant should be given the opportunity to show good cause for failure to waive service, "sufficient cause should be rare." Fed. R. Civ. P. 4 Advisory Committee Notes, 1993 Amendments. The Committee Notes further provide that "[i]t is not a good cause for failure to waive service that the claim is unjust or that the Court lacks jurisdiction." *Id*.

      Good cause may be shown by demonstrating a failure by the plaintiff to fulfill each of the obligations provided in Rule 4(d)(1). *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 n.1 (4th Cir. 1984) ("The plaintiff's lawyer failed to enclose a self-addressed, stamped envelope for return of the signed acknowledgment as required by the rule. That neglect may have foreclosed a possible claim for reimbursement of the cost of effecting personal service."); *Perez*

*v. County of Westchester*, 83 F. Supp. 2d 435, 441 (S.D.N.Y. 2000) (denying reimbursement of costs because plaintiff's request for waiver did not directly notice defendant, was not accompanied by copy of complaint, and failed to include prepaid means of compliance in writing); *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 1997 U.S. Dist. LEXIS 3840 (S.D.N.Y.) (denying motion for costs when plaintiff failed to include stamp on self-addressed envelope).  None of these deficiencies were present in Plaintiff's notice and service waiver sent to Defendant.  (*See* Dillon Decl. ¶ 6-7.)

Several district courts have addressed whether relief under Rule 4(d)(2) before final judgment is premature.  The consensus is that it is not.  *See Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251 (D. Minn. 1997); *Marcello v. Maine*, 238 F.R.D. 113 (D. Me. 2006); *Butler v. Crosby*, 2005 U.S. Dist. LEXIS 41835 (M.D. Fla.).  These courts noted that the Rule "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when . . . the Plaintiff's claim [may be] without merit."  *Double "S"*, 171 F.R.D. at 253; *Marcello*, 238 F.R.D. at 116; see also *Darulis*, 401 F.3d at 1064 (holding that even an award of prevailing party fees to defendant does not foreclose an award of 4(d)(2) fees to plaintiff).  Accordingly, these courts concluded that the motion was timely immediately after formal service

has been achieved and is wholly unrelated to the merits of the underlying suit. *Double "S"*, 171 F.R.D. at 253; *Marcello*, 238 F.R.D. at 116.

**3.     Argument**

Plaintiff fully complied with the requirements of Rule 4(d)(1).  A valid notice and service waiver was sent to Defendant on April 25, 2012; all required documents were mailed.  (*See* Dillon Decl. ¶ 6-7.)  Defendant demonstrated its unwillingness to waive formal service of process by failing to return an executed waiver within thirty days from Plaintiff's mailing its notice and service waiver.  After giving Defendant thirty-five days (plus three additional days to account for mailing) to return an executed copy of the service waiver, (*see* Dillon Decl. ¶ 8-9), Plaintiff engaged a process server to affect formal, in-person service of the Complaint and Summons, (*see* Dillon Decl. ¶ 10).  Formal service was achieved on June 16, 2012.  (*See* Dillon Decl. ¶ 11.)  Thereafter, when service costs were only $445.45, Plaintiff sent Aung a bill for these costs.  (Dillon Decl. ¶ 13.)  Thereafter, yet again, Plaintiff requested payment by transmitting a letter and invoice to Defendant's counsel.  (Dillon Decl. ¶ 14.)  Both requests were ignored, thus making the motion necessary.

Based on this factual scenario, the law is clear; Plaintiffs are entitled to recover their fees and costs incurred, both in achieving formal service and in making this motion.  Plaintiffs have provided herewith as Exhibit E an itemization of those fees and expenses in the amount of $2,066.70 (*see* Dillon Decl. ¶ 12),

which amount is reasonable, (*see* Declaration of Allan B. Gelbard in Support of Plaintiffs' Motion for Fees and Costs Pursuant to Rule 4(d)(2)). Plaintiffs are not required to wait for a decision on the merits before seeking such payment. However, Plaintiff requests the right to augment this amount in the event that Defendant causes the Plaintiff to incur additional costs and fees to draft a reply brief or to collect the sum awarded.

**4.    Conclusion**

For the reasons stated herein, this honorable Court should grant Plaintiff's motion for an Order requiring payment by Defendant of Plaintiff's fees and costs associated with achieving formal service and making this motion.

Date: July 20, 2012                           s/Marc J. Randazza
                                              Marc J. Randazza, Esq. CA Bar No. 269535
                                              Randazza Legal Group
                                              6525 Warm Springs Rd., Suite 100
                                              Las Vegas, NV 89118
                                              888-667-1113
                                              305-437-7662 (fax)
                                              mjr@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing documents were filed in this Court's CM/ECF system on July 20, 2012, thereby providing service to the Defendant Kyaw Aung's counsel. As the John Doe Defendant has yet to be identified, he cannot yet be served.

Date: July 20, 2012
                         *s/Marc J. Randazza*
                         Marc J. Randazza, Esq. CA Bar No. 269535
                         Randazza Legal Group
                         6525 Warm Springs Rd., Suite 100
                         Las Vegas, NV 89118
                         888-667-1113
                         305-437-7662 (fax)
                         mjr@randazza.com