UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE and KYAW AUNG,<br><br>Defendants | Case No. 12-cv-3428-RGK-FMO<br><br>**DECLARATION OF ERIKA DILLON IN SUPPORT OF PLAINTIFF'S MOTION FOR FEES AND COSTS PURSUANT TO RULE 4(D)(2)**<br><br>Hearing Date: August 20, 2012<br>Hearing Time: 9:00 AM<br>Courtroom: 850 |

I, ERIKA DILLON, hereby declare under penalty of perjury:

1. I am over the age of 18 and am a resident of the state of Nevada.

2. I have personal knowledge of the facts herein, and, if called as a witness, could testify competently thereto.

3. I am employed by Plaintiff Liberty Media Holdings, LLC as an in-house paralegal.

4.     On April 25, 2012, in accordance with Federal Rule of Civil Procedure 4(d)(1)(A), I prepared a written notice and service waiver for the Defendant, addressed to the Defendant at 1573 S. Reservoir Street, Apartment F, Pomona, CA 91766.

5.     A true and correct copy of the Plaintiff's notice and waiver form are attached as Exhibits A and B. In reviewing the notice and the waiver form, I note that both state the name of this Court as the court where the Complaint was filed, pursuant to Rule 4(d)(1)(B). I note that the waiver form includes the text prescribed by Rule 4(d)(1)(D), informing Defendant of the consequences of waiving and not waiving service. I also note that both the notice letter and waiver form state the date when the request was sent, April 25, 2012, satisfying Rule 4(d)(1)(E).

6.     On April 25, 2012, I printed and compiled a copy of the Complaint and its attached documents, two copies of the waiver form (CV-108), a notice letter, a notice form (CV-39), and a notice of a magistrate judge's availability (AO 85). I addressed an envelope with the following address: Randazza Legal Group, 6525 W. Warm Springs Road, Suite 100, Las Vegas, NV 89118. I then affixed appropriate postage for return by first class U.S. Mail.

7.     On April 25, 2012, I used Liberty's UPS account to create a shipment label for mailing to the Defendant, pursuant to Rule 4(d)(1)(G). A true and correct copy of the tracking record for this shipment is attached as Exhibit C. I then

placed all of the above-listed materials in a UPS envelope and deposited them with the individual at Liberty who handles the regularly scheduled UPS pick-up at our offices between 4:30 and 4:45 PM PST daily. I ensured that the materials were to be picked up by UPS on April 25, 2012, the same day the package was prepared.

8. After depositing the package for shipment via UPS, I calendared an event on June 4, 2012, as the date on which thirty-five days of notice, plus an allowance of an additional three days for mailing, would have been given, in accordance with Rule 4(d)(1)(F).

9. On June 4, 2012, I personally confirmed with the individuals handling the mail delivered to the Randazza Legal Group that the waiver of service had not been returned to their offices.

10. On June 8, 2012, three full days after the waiver of service was due as per the notice provided to the Defendant, I contacted Darren Epstein at Counter-Intelligence Services, a company specializing in effecting formal service of process throughout the United States. I provided to Mr. Epstein copies of the Complaint, the documents accompanying the Complaint (including an exhibit, and a civil cover sheet), and the Summons issued by the Clerk of this Court, and I directed Mr. Epstein to serve, in person, all of the foregoing documents upon the Defendant. A true and correct copy of the invoice for these services is attached as Exhibit D.

11. On June 16, 2012, I received confirmation from Mr. Epstein and Counter-Intelligence Services that formal service had been achieved at the Defendant's residence. Thereafter, I received the executed summons and declaration of service, a true and correct copy of which has been filed with this Court at ECF 6.

12. Provided herewith as Exhibit E is a true and correct invoice itemizing Plaintiff's fees and costs incurred in effecting formal service of process in the Action, as well as Plaintiff's fees and costs incurred thus far in preparing the instant motion seeking payment from Defendant. The total amount of the invoice is $2,066.70.

13. On June 29, 2012, Plaintiff sent a letter to Defendant at the address were service of process was completed. This letter contained an invoice requesting $445.45 for the costs and fees associated with service of process. A true and correct copy of this correspondence is attached herewith as Exhibit F. Plaintiff received no response.

\\

\\

\\

\\

\\

14. On July 9, 2012, the Defendant had counsel appear and file an answer to Liberty's complaint. That same day, Plaintiff attempted to contact Mr. Skinner regarding the fees associated with serving Mr. Aung. Plaintiff addressed correspondence to Mr. Skinner requesting that he inform Plaintiff if Defendant intended to remit compensation for the service of process to Plaintiff. A true and correct copy of this correspondence is attached herewith as Exhibit G. Plaintiff received no response.

Dated this 20th day of July, 2012 in Las Vegas, Nevada.

*[signature]*

Erika Dillon